{¶ 35} Although I agree with the affirmance of Quandt's prison term and much of the recitation of the law concerning restitution under Senate Bill 2, I respectfully disagree with the majority's conclusion concerning restitution and would find that Quandt impliedly agreed to restitition as part of the plea bargain he entered into with the state. The subject of restitution arose in the context of the plea bargain, and although not fully set forth on the record, I believe there is no real disagreement that the parties implicitly agreed that restitution of some kind would be ordered. This is demonstrated by Quandt's statement to the court in the first sentencing hearing that he would make every effort to make his victims whole again. The idea that the parties contemplated restitution as part of the plea bargain would also explain why Quandt did not object to restitution in principle — he only challenged the amount of restitution to be ordered. It ought be noted that the amended indictment reflected criminal activity both pre and post Senate Bill 2. The defendant sought and received the plea he bargained for. It reduced his exposure for purposes of jail time and resulted in the dismissal of one of the counts. When, as here, a party implicitly agrees to restitution as part of a plea bargain, that party should be obligated to abide by the terms of the plea bargain. To hold otherwise would be to deprive the state of its end of the plea bargain and give Quandt the benefit of breaking a bargain. I would therefore affirm the trial court's restitution order.